## GRIER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 2, 1919.)

No. 3257.

ARMY AND NAVY ⬤�longrightarrow40—ON CHARGE OF APPLYING MILITARY PROPERTY TO OWN USE, DEFENDANT MAY EXPLAIN POSSESSION OF PROPERTY.

A charge against a defendant of applying military property to his own use, in violation of Criminal Code, § 36 (Comp. St. § 10200), is equivalent to a charge of receiving stolen property, and defendant has the right to explain his possession, and in doing so to testify as to what was said to him by the person from whom he received the property.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against A. D. Grier. Judgment of conviction, and defendant brings error. Reversed.

S. Engelking, of San Antonio, Tex., for plaintiff in error.
Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. Plaintiff in error (hereinafter referred to as defendant) was indicted, charged with unlawfully, knowingly, and fraudulently applying to his own use one tent, one pair of shoes, two barrack bags, one pair of olive drab trousers, one olive drab blouse, and one khaki suit, the property of the United States, in violation of section 36, Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. § 10200]), and was convicted. In the course of the trial the defendant took the stand in his own behalf, and in an endeavor to justify his lawful possession of the articles mentioned stated that they were left in his possession by a man known as Yank. He was then proceeding to repeat what Yank told him about the various articles, saying:

"Yank said the commanding officer was going to burn it, was going to throw it off the truck there at the old bridge, where they burn all that old junk, and he (Yank) asked the lieutenant for it. He (Yank) said that the lieutenant told him—"

The assistant United States attorney here objected to the witness stating what Yank had told him the lieutenant said about the stuff, on the ground that it was hearsay. Counsel for the defense endeavored to tell the court the purpose for which he was offering the statement,

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

but the court declined to hear him. The court sustained the objection, proper exception was taken to the ruling, and the whole incorporated in a bill of exceptions. There was other testimony in the case tending to show that the defendant was employed as a teamster, hauling around the military camp; that Yank worked for him, and wore old clothes given to him by people around the camp, similar to the clothes worn by the soldiers.

It is apparent that the ruling of the court was error. The prosecution under the statute is identical to a case of receiving stolen goods. It is a well-known exception to the hearsay rule that a person so charged may repeat what was said to him by the person from whom he claims to have obtained the goods. The rule is clearly stated in Elliott on Evidence, par. 3119:

"It has been held competent for the defense to show by the accused, he being a witness in his own behalf, when, from whom, how, and under what circumstances he received the property, and what was done and said at the time in connection with the receipt of it by himself; such facts being part of the res gestæ, to be submitted as evidence and weighed by the jury."

To the same effect, see Underhill on Criminal Evidence (2d Ed.) par. 301. In justification of the possession of the articles, the defendant was entitled to repeat what the person from whom he had obtained them said to him regarding his own lawful possession. If the articles were in fact condemned, and a lieutenant in charge of their disposition had given them to Yank rather than destroy them, that fact was material to the defense.

Other errors are assigned, but in the view we take of the case it is unnecessary to consider them.

For the error above referred to, the judgment of the District Court is reversed.